## JOSEPHUS HARDMAN

*v.*

## GEORGE W. BRADLEY.

STATUTE OF FRAUDS—*debt of another.* Where one was sued for medical services rendered to another on the request of the defendant, and the Statute of Frauds was pleaded, it appearing in evidence that the original charge for the services was made against the third person, and not against the defendant, and, on settlement between the parties, no claim was made that the defendant was liable, it was *held*, that the defendant was not primarily liable, his undertaking not being an original one.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. EPLER & CALLON, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the county court of Morgan county, by George W. Bradley, plaintiff, and against Josephus Hardman, defendant, to recover for medical services rendered by the plaintiff to one John De Laney, at the special instance and request of the defendant, as alleged. There was a trial in the county court, resulting in a verdict for the plaintiff and judgment thereon, to reverse which, the defendant appealed to the circuit court on a bill of exceptions, and in that court the judgment was affirmed, and the defendant appeals to this court. There was, besides other pleas, the plea of the Statute of Frauds

and Perjuries, that it was the debt of another, and no promise
in writing, by defendant, to pay.

To this plea there were two replications: *First,* That the
promise was made before the services were rendered; and,
*Second,* That the credit was given originally to defendant,
and not to De Laney, and these were the principal issues tried.

From the evidence in the record, we are satisfied the plain-
tiff failed to maintain the issue on his part. It is impossible
to read it, and arrive at any other conclusion. The question
was, did defendant employ plaintiff to render medical services
to De Laney before he entered upon the performance of the
service? In other words, was the undertaking an original
undertaking by defendant, and so not within the Statute of
Frauds? Was defendant primarily liable? This is conclu-
sively and satisfactorily answered by the plaintiff's acts, and
that is, he made on his books the charge against De Laney,
and against him alone, and, in several different settlements
had thereafter with defendant, at one of which a balance was
found due defendant of thirty-five dollars, he never intimated
to defendant that he held him liable for these medical services.
The weight of the evidence is, the extent of defendant's prom-
ise was, to pay him for a visit to De Laney, and that was all.

But the books of account of the plaintiff are of the most
convincing and conclusive character. On them, De Laney is
the debtor. If one has a claim against another, and keeps
books, it will so appear on the books, and it will require very
strong evidence to shew the entry was made by mistake.
Here, such proof is not attempted. It does appear, that a long
time after the charge was entered on the book against De Laney,
the plaintiff added the defendant's name, and then brought a
joint action against them. This goes to show still more sat-
isfactorily that plaintiff did not consider defendant primarily
liable.

We are satisfied, the plaintiff did not maintain the issue on
his part, and establish a primary liability on the part of the
defendant, and the verdict should have been for the defendant.
The motion for a new trial should have been allowed. Refus-

ing it was error, and for the error the judgment must be reversed. On the whole record, we are satisfied plaintiff has no cause of action, and, therefore, will not remand the cause.

*Judgment reversed.*