## Lomax *v.* McKinney et al.

PRACTICE.—*Application to Make New Parties.*—In an action on account for goods sold and delivered, an application by the defendant, to have a third person made a party to the action, alleged, that such goods had been sold and delivered by the plaintiff to such third person, who in turn had sold and delivered the same to the defendant, and received his pay therefor.

*Held,* that the facts alleged would, if proved, constitute a complete defence to the action, and that such third person was not a necessary party thereto.

CONTINUANCE.—*Absent Witness.*—*Affidavit.*—An affidavit for a continuance on account of the absence of a witness, which does not show the materiality of the evidence of such witness, nor when his attendance can be procured, is insufficient.

CONTRACT.—*Action for Goods Sold to Third Person.*— *Evidence.*— *Statute of Frauds.*—In an action to recover for the value of goods sold and delivered and work and labor performed, the evidence for the plaintiff showed, that a third person had contracted with the defendant to furnish the material, and to perform the labor, in the construction of a building for the defendant; that the defendant had told the plaintiff to let such third person "have whatever he called for, and he," the defendant, " would pay for it ;"

that the plaintiff had accordingly delivered the goods in controversy to such third person, and performed the labor, at his request, and charged the same to his own separate account.

*Held,* that the evidence establishes no contract with the defendant, and that he is not liable.

*Held,* also, that no question as to the statute of frauds arises in the cause. ·

From the Grant Circuit Court.

*G. W. Harvey, I. Van Devanter* and *N. O. Ross,* for appellant.

*A. Steele* and *R. T. St. John,* for appellees.

BIDDLE, J.—Complaint by the appellees, against the appellant, on the common counts, for goods sold and delivered, work and labor done, materials furnished, and money had and received.

Answer, general denial.

Application by the appellant to make Charles W. Hill a party defendant, on written petition, overruled; exceptions. Motion for continuance, on affidavit of appellant, overruled; exceptions. Trial by the court; finding for appellees. Motion for a new trial overruled; judgment; exception.

Appeal.

1. The application of the appellant to make Hill a party alleges, that the articles in controversy in this suit were contracted for and obtained by Hill from the appellees, upon his own credit and account; and that Hill was bound in a written contract to furnish said material for the construction of a house for appellant; that appellant has paid Hill for the same, according to the award of an arbitration between the parties; and that the appellees seek to make the appellant liable for the material, etc.

According to the facts stated in this application, the appellee is not liable to the appellants in this action; he had, therefore, a complete defence to the action, without making Hill a party. The court did not err in overruling the motion.

2. Nor did the court err in overruling the motion for

a continuance of the case. The affidavit upon which it was founded is defective in substance, in not showing the materiality of the evidence sought to be obtained, and technically defective in not showing when, if ever, the party could obtain the attendance of the absent witnesses.

3. The main and more difficult question in the case is: Does the evidence sustain the finding of the court?

The following facts are not seriously in controversy:

That Charles W. Hill had agreed, by a written contract with the appellant, to furnish the material, and build for him a dwelling-house; that said contract between Hill and appellant was known to the appellees; that Hill obtained the work and material in controversy from the appellees, and used the same in the construction of the house for the appellant; that the appellees charged the work and material so obtained to Hill, in their regular account current, with other material charged to Hill for other purposes, on their account book, by the item, commencing on the 20th day of April, 1875, and ending on the 26th day of February, 1876; that, up to the time of the trial, the account for the items in this controversy stood upon the books of the appellees open against Hill; that, during the time the account was thus open, the appellant delivered certain promissory notes to the appellees for one hundred and fifty dollars, which was credited to Hill on the account; that there were no charges made on the books of the appellees, against the appellant, for any of the items in controversy, at any time, and no credit given to the appellant on the books of the appellees, for the one hundred and fifty dollars so paid by said promissory notes and credited to Hill; that, before this suit was brought, the appellant had paid Hill all that was due him for work and labor and material for building the house of the appellant.

In addition to these facts, McKinney, one of the appellees, testifies that the appellees, about the 20th of April—the date of the first item of the account in controversy—

made a contract with the appellant to dress his lumber
for his house, make his mouldings, brackets, do his turn-
ing, etc.; that appellant told him to let Hill have what-
ever he called for, and he, the appellant, would pay for
it; that William Flynn was standing at the door at the
time the contract was made.

Eshelman, the other appellee, testified to the same con-
tract, made at the same time, and that Flynn was pres-
ent; and that he told the appellant they would not let
Hill have the lumber on his own account, because he
owed them as much then as they could carry for him, and
explained why the book account was made against Hill,
by saying: "We were doing other work for Hill, and
charged him with all of it, but noted in the book, so as to
be able to point out every piece of work that went to the
different parties."

The appellant testified, denying any contract made for
himself with the appellees; that all the conversation he
ever had with the appellees related to getting the mate-
rial by Hill for his, the appellant's, house, and denies
that he ever agreed to pay them any thing; that William
Flynn was present at the conversation, but that it was
not in the month of April, but later in the year.

William Flynn testified that he was in Lanesville, Ken-
tucky, attending college, during the months of April,
May and June, and that he was with the appellant, at
the shop of the appellees, on the 23d day of July, 1875,
at the time the conversation took place.

John Brownlee testified to a statement of the appel-
lant that he had money to pay to the appellees, but did
not know what it was for, nor whether it was to be paid
on his own account, or for Hill.

This statement, we believe, fairly presents the facts,
which may be held as undisputed, and the testimony as
to the facts which are controverted.

The appellees may very honestly believe that they made
a binding contract with the appellant to do the work and

furnish the material in controversy, as alleged; but we do not think their testimony, even if it stood uncontradicted, establishes such a contract. It is very clear, in fact, that Hill had the work done by, and obtained the material from, the appellees; and just as clear, in law, that Hill is bound to the appellees for the work and material. Simply to make out the bill of particulars filed with the complaint against Lomax, the appellant, from Hill's account, as it stood on the appellees' books, neither makes Lomax liable, nor discharges Hill; and no verbal agreement of Lomax, in such a case, to pay Hill's account, would be binding, unless it was made with the consent of Hill, and discharged Hill from its payment to the appellees. The account can not be valid against Hill and Lomax also, upon the different liabilities; and, unless Hill is discharged, Lomax can not be bound by any verbal agreement to pay Hill's account. *Ellison* v. *Wisehart,* 29 Ind. 32.

As the appellees have brought their action upon the alleged original contract of the appellant to pay for the work and material furnished, and not upon an alleged promise of the appellant to pay the debt of Hill, no question under the statute of frauds arises in the case; nor is there any question before us as to what might be the rights of the appellees, under a material man's lien, to secure any amount that might remain due from the appellant to Hill, for building the house into which the work and material done and furnished by the appellees entered.

We think the court erred, not so much upon a question of fact, as by a mistake in applying the law to the facts. The question involved, indeed, is rather one arising in law, than upon the weight of evidence.

The judgment is reversed, at the costs of the appellees, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.