## LANGDON v. RICHARDSON.

1. **Statute of Frauds:** ORAL AGREEMENT TO PAY: WHEN WITHIN THE STATUTE. Where goods were sold and delivered to one party and were charged to him alone, thereby showing it was regarded as his debt, an oral agreement by another party to pay for the goods, made before they were delivered, will be regarded as collateral and within the statute of frauds.

*Appeal from Kossuth Circuit Court.*

SATURDAY, JUNE 10.

ACTION upon an account for goods and merchandise sold and delivered to one Fountain, for which the defendant agreed to pay. There was a verdict and a judgment for plaintiff; defendant appeals.

*George E. Clarke*, for appellant.

*H. C. Vaughn* and *J. H. Hawkins*, for appellee.

BECK, J.—I. The petition alleges that the goods were sold and delivered to Fountain under a contract with defendant, that he would pay for them. The petition also alleges that the goods were purchased for use in a hotel, and Richardson was interested in the management thereof, and that the goods were sold by plaintiff, relying upon Richardson's responsibility.

*1. STATUTE OF FRAUDS: oral agreement to pay : when within the statute.*

In support of his petition, plaintiff's son, who had charge of his store, testified as follows: "Mr. Richardson came in the store with Mr. Fountain, and told me to let Mr. Fountain have what goods he wanted and he would pay for them; that was all that was said about it, and he went out and I put up the goods." One or two other witnesses gave substantially the same testimony. It is also shown that the goods consisted almost exclusively of groceries and provisions, with a few articles commonly used about a house, and that they

were charged to Fountain. Richardson had an account of his own at the store.

II. The defendant asked the court to charge the jury that the contract, as disclosed by the evidence, is within the statute of frauds and plaintiff cannot recover thereon. We think the instruction should have been given. It is apparent that Fountain bought the goods, and Richardson in promising to pay for them, agreed to pay Fountain's debts. That it was regarded by the parties as Fountain's debt is made plain by the fact that the goods were charged to him alone. The agreement of Richardson must be regarded as collateral and within the statute of frauds. See Brown on the Statute of Frauds, Sec. 189, and authorities cited.

III. The plaintiff insists that the evidence supports the allegation of his petition to the effect that Richardson was interested in the management of the hotel, and he therefore bought the goods upon his own contract and is liable therefor. We think the evidence gives no support to this position. There is evidence tending to show that Richardson owned the house used as a hotel and had fitted it up, but there is not one word of proof tending to show that he had any interest in its management.

The judgment of the Circuit Court must be

REVERSED.