(75 N. W. Rep. 903.)

---

## GRAND FORKS LUMBER & COAL CO. *vs.* E. C. TOURTELOT.

Opinion filed June 1st, 1898.

**Written Contracts—Statute of Frauds.**

> The rule that a written contract supersedes all prior and contemporaneous negotiations and stipulations between the parties applies only to the specific matter embraced in the contract.

**Documentary Evidence of Partially Performed Oral Contract.**

> When the making of a parol contract was in issue, and on plaintiff's theory the contract had been made and partly performed, documentary evidence of such partial performance was relevant as tending to show the making of the contract.

**Original Promise to Pay the Debt of Another.**

> The promise of one party to pay a second party for goods delivered by such second party to a third party is an original promise, and not within the statute of frauds.  Parting with the goods, furnished the consideration to support the promise.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by the Grand Forks Lumber & Coal Company against E. C. Tourtelot.  Judgment for plaintiff, and defendant appeals.  Affirmed.

*Burke Corbet*, for appellant.

*Bosard & Bosard*, for respondent.

BARTHOLOMEW, J.  We find no reversible error in this case.  The action was for a balance due for fuel delivered by plaintiff to the Dual City Gas Company, but for which it was alleged that the defendant promised and agreed to pay.  There was no contest over the delivery of the fuel, but defendant denied any promise

to pay. The jury found against him, and, a new trial being refused, he appeals to this court. The case shows that the defendant was receiver of an insolvent bank, to which the Dual City Gas Company was indebted. It appears that the gas company had reached a point where it found it difficult, if not impossible, to continue business, by reason of its inability to meet its running expenses. In August, 1896, defendant had a conversation with Mr. Twamley, who was the president of the gas company, relative to its expenses. The gas company was then, and had been, purchasing fuel from plaintiff, but plaintiff had refused to deliver any more fuel unless satisfactory arrangements as to payment were made. The gas company at that time also required a car load of naphtha. After their matters had been talked over, a written contract was drawn up by which the gas company agreed at the end of each month to turn over to defendant its bills due from its customers for gas, and defendant agreed to pay for a car load of naphtha. Nothing was said in such written contract about procuring or paying for fuel. The naphtha was delivered, and defendant paid for the same.

Errors are assigned and argued upon the rulings relating to testimony. It was urged that no parol contract or agreement on the part of defendant to pay for the fuel could be shown, because after the conversation between defendant and the president of the gas company a written contract was signed wherein defendant agreed to pay only for the naphtha, and did not agree to pay for the fuel. It is sought to apply the familiar rule that all prior parol statements and negotiations are superseded by the written contract, which is conclusively presumed to express the entire contract between the parties. But this is true only as. to the particular matter contained in the contract. Revised Codes, section 3888. That defendant agreed in writing to pay for naphtha furnished to the gas company by an entirely distinct party certainly did not preclude plaintiff from proving that defendant at the same time agreed by parol to pay it for fuel furnished to such gas company. The two transactions were entirely

separate. When the objection was taken at the trial the court stated that he would allow plaintiff to prove, if it could, an independent parol agreement, and certainly that was plaintiff's right. 17 Am. and Eng. Enc. Law, 443, and notes. It was claimed that this parole agreement was made about the last of August, 1896, and it is undisputed that the defendant paid the bills for fuel furnished to the gas company by plaintiff for the months of September and October following. It is also undisputed that defendant refused to pay for the fuel furnished from November 1st to December 19th. On this latter date the manager of plaintiff had a conversation with defendant, wherein he agreed to pay for the fuel that he might order from time to time, and thereafter he paid the bills for fuel as furnished on presentation. The action was to recover for fuel furnished from November 1 to December 19, 1896, except one load subsequently furnished, and inadvertently charged to the wrong party. When the manager of plaintiff was on the stand he was permitted to identify the bills for September and October, and they were introduced in evidence. There was no error in this. It was not an effort to prove a disconnected, and therefore irrelevant, fact of a similar nature. The principal issue in the case was whether or not defendant did agree to pay the bills for fuel furnised. Plaintiff claimed that he did so agree late in August, 1896, and that no other agreement was made until December 19, 1896, and the fact that he paid the bills for September and October certainly had a tendency to establish such a contract, because parties do not generally pay for goods furnished to third parties unless under some contractual obligation to do so. The matters sought to be shown were in no sense collateral. But the manager was also permitted to identify the bills rendered and paid after December 19th. This certainly had no tendency to establish the prior parol contract, as both the manager of plaintiff and the defendant testified to the contract of December 19th, and that all bills paid thereafter were paid under such contract. That being the case, it is too clear for question that defendant could not have

been prejudiced by the identification and [introduction of such bills.

There is but one other point raised on the testimony that we shall notice. It is urged that it was sought to establish a parol promise to pay the debt of another in violation of the statute of frauds. This is a misapprehension. It is entirely competent that the promise to pay should be an original promise, although the goods were furnished to a third person. The delivery of the goods on the strength of the promise being a detriment to the promisee furnishes the consideration. But circumstances may be such as to make the delivery to the third person a direct benefit to the promissor. Such was the case here. The gas company was largely indebted to the bank of which defendant was receiver. It had contracted to deliver to him its bills at the end of each month. But unless it continued to furnish gas it would have no bills to deliver, and it could furnish no gas unless its running expenses were provided for. Hence it was clearly to defendant's interest, or to the interest of the corporation which he represented, that these expenses should be paid, and the gas plant kept running. The promise, if made, was an original promise.

The instructions are attacked, but the attack is hypercritical. The instructions might with propriety have been fuller upon the point that the jurors were the exclusive judges of the credibility of the witnesses, but that information was contained in a general way, and there was not a word in the instructions tending to limit or restrict the jury in that direction. The court was entirely right in not leaving the jury to struggle with the law question as to whether or not certain testimony, if true, established an independent parol contract, and certain other testimony, if true, showed an original promise not within the statute of frauds. The court left the jury entirely free to say whether or not such testimony was true, but directed them that, if they found such testimony to be true, they must find for the plaintiff. This was no encroachment upon the province of the jury. They were also told that if they found the testimony of defendant controverting these points

to be true, then they must find for defendant. The charge was brief, but plain and explicit. In a general way it covered the entire case, and contained no misstatement of the law. The only instruction requested by defendant was for a directed verdict, and to that he was not entitled.

The judgment appealed from is affirmed. All concur.