## FORD v. McLANE.

1. EVIDENCE — MONEY LOANED — FINANCIAL CONDITION OF BOR-
ROWER.

In an action to recover for money furnished to a subcontrac-
tor of defendant on the latter's promise to repay the same, the
loan having been sought by the former for his own benefit,
and plaintiff having refused to make it except on defendant's
credit, evidence that defendant had money in the bank, and
therefore did not need to become a borrower, was properly
excluded as irrelevant.

2. STATUTE OF FRAUDS—DEBT OF ANOTHER.

A verbal promise to repay money furnished to a third person
solely on the credit of the promisor is not within the statute
of frauds.

3. ATTORNEYS—EVIDENCE—PRIVILEGED COMMUNICATIONS.

Whether an attorney who has been consulted professionally by
a person who is a witness in, but not a party to, a suit, can be
called to impeach the witness by disclosing the statements
made by him at such consultation,—*quære.*

4. NEW TRIAL—DENIAL—APPEAL.

The affidavits and testimony on a motion for a new trial, based
on the ground of newly-discovered evidence, were examined,
and *held* insufficient to justify a reversal of the action of the
circuit judge in denying the motion.

Error to Kent; Perkins, J.  Submitted April 11, 1902.
(Docket No. 98.)  Decided September 17, 1902.

*Assumpsit* by Maggie Ford against John H. McLane
for money loaned.  From a judgment for plaintiff, defend-
ant brings error.  Affirmed.

*Crane, Norris & Drew* (*Leonard F. Humphrey,* of
counsel), for appellant.

*Dunham & Malcolm,* for appellee.

MOORE, J.  The statement of questions of fact is taken
from the charge of the court to the jury, as follows:

"This is an action brought by the plaintiff against the defendant to recover the sum of $500, claimed to have been loaned to the defendant by the plaintiff under an oral agreement made between them.   On the part of the plaintiff it is claimed that, while the construction of the Grand Rapids, Belding & Saginaw Railroad was in progress, the agreement in controversy was made; that the principal contractor for the construction of this railroad was William Alden Smith & Co.; that J. H. McLane & Co., a firm of which the defendant is a member, was a subcontractor under Smith & Co., and that one Fred L. Beacham was a contractor for the construction of a portion of the road under McLane & Co.   The plaintiff claims, in substance, that on the 19th day of September, 1899, the defendant, John H. McLane, authorized and directed the plaintiff, through her agent, Fred Ford, to let Fred L. Beacham have not to exceed $500 in money, to be paid out for labor upon this railroad, and it is claimed that the defendant then and there agreed to repay the amount to the plaintiff as soon as the railroad was completed; that, pursuant to this agreement, the plaintiff let Mr. Beacham have $500, which the defendant has not paid, and for the recovery of which this action is brought. On the other hand, the defendant claims that no such agreement was ever made as claimed by the plaintiff; that he never authorized the payment to Beacham by plaintiff of any sum of money whatever; that he knew nothing about the transaction, and never agreed to pay the plaintiff any portion of the money she may have let Beacham have.   Further, the defendant claims that, if plaintiff ever let Beacham have any money, she did it upon her own responsibility, and upon the credit of Beacham, and not upon his (the defendant's) credit or responsibility."

The jury rendered a verdict in favor of the plaintiff.  A motion for a new trial was made and overruled.  The case is brought here by writ of error.

Upon the trial the counsel sought to show that, at the time of the transaction, J. H. McLane & Co. had a bank account.   This testimony was excluded.   It is said this testimony was competent as bearing upon the probability of Mr. McLane making the loan.   Counsel cite *In re Young's Estate*, 39 Mich. 429, and many other cases. An examination of the cases cited will show them unlike the

case at issue. There was no claim in this case that Mr. McLane needed to borrow money. The claim was that McLane & Co. were interested in not having the men quit work; that Beacham, the subcontractor, needed money; that Mrs. Ford refused to loan it to him, but would furnish it to him on the credit of McLane. She produced testimony which, if believed, showed that agreement. Mr. McLane denied it. The case was submitted to the jury, who found the version of the witnesses for the plaintiff to be the correct one.

Upon the completion of the testimony for plaintiff, a motion to take the case away from the jury because within the statute of frauds was overruled, we think properly, under *Larson* v. *Jensen*, 53 Mich. 427 (19 N. W. 130). It is claimed that, if any promise was made by McLane, it was collateral to the promise of Mr. Beacham, and void under the statute of frauds. The court instructed the jury that :

"The burden of proof is upon the plaintiff to establish her case by a fair preponderance of the evidence. And you will understand that it takes two parties to make an agreement. There must be a meeting of minds; each must understand the matter as the other does. This is the sole question in the case: Was the credit for the money which it is claimed was given to Beacham extended solely and exclusively to the defendant, John H. McLane? The plaintiff claims that it was, and the defendant denies it. The plaintiff cannot recover unless you find that Mr. McLane was the sole debtor. If there was any liability whatever existing against Mr. Beacham in favor of the plaintiff, the plaintiff cannot recover. It must be found by a fair preponderance of the evidence that the defendant, John H. McLane, is the sole debtor; that the credit was extended solely and exclusively to him; that no liability exists, or ever existed, against Mr. Beacham for this loan, —before the plaintiff is entitled to recover. * * * In other words, as I have already said, you must find that the agreement claimed by the plaintiff was not only made, but that it was an independent agreement, separate and apart from any liability on the part of Beacham. Indeed, you must find that there was no liability on the part of

Beacham, that defendant was the sole promisor, and that
the credit was exclusively extended to him, before you
would be authorized to find for the plaintiff."

We think this fully covered the question presented.

We now come to the question of whether the court erred
in refusing a new trial. Upon the motion affidavits were
filed. Those of two of the witnesses were in relation to
formal matters. Two of them were affidavits of lawyers
who were consulted, not by Mrs. Ford, but by Mr. Ford,
and gave him advice. They swore in the affidavits in re-
lation to a paper which was produced on the trial, and that
Mr. Ford made a different statement to them from what
he testified to upon the trial. Oral testimony was also
taken upon the hearing of the motion. The testimony of
one of these witnesses must have been a disappointment
to counsel, as he testified he remembered nothing about the
transaction. The other witness who gave oral testimony
was the cashier of the bank, who was a witness upon the
trial. Upon the motion he swore in relation to alleged
admissions made by Mrs. Ford. His recollection was not
at all clear as to what was said by Mrs. Ford. Mr. Ford
filed an affidavit denying the material statements made in
the affidavits made by the two lawyers. Upon the hear-
ing of the motion it was made to appear that, upon the
trial, it was shown where the paper mentioned in the affi-
davits of the attorneys was drawn, upon the first day of
the trial; that the case was not submitted to the jury until
about noon the following day; that one of the attorneys
making the affidavits then had an office in the same build-
ing as the attorneys for defendant, while the other one
lived in Lowell.

As the two attorneys were consulted professionally, I
do not think their affidavits were competent, or that they
would be competent witnesses upon a new trial; but
whether that is so or not, as their testimony relates, not to
statements made by one of the parties to the litigation, but
by a witness, that fact should be weighed in deciding the
motion for a new trial. Conceding the affidavits to be

competent, and taking all the affidavits and testimony in favor of the motion and opposed thereto, we are not satisfied such a showing was made as would justify this court in reversing the action of the circuit judge in overruling the motion for a new trial.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.