McADAM et al, Respondents v. VALLENTHIME et al

(Bellemare, Appellant.)

(167 N. W. 171.)

(File No. 4090.   Opinion filed March 26, 1918.)

1. **Statute of Frauds—Partner's Promise to Pay for Copartner's Purchases, Whether Void.**

In a suit by storekeepers to recover the value of goods sold to a defendant member of a partnership, and to enforce alleged liability of the co-defendant upon an oral promise to pay therefor, held, that the oral promise of the co-partner to pay for said goods out of his co-partner's share of seeds sold by the firm in the course of their general partnership business, when returns from said sales were received, but not otherwise, was void under the Statute of Frauds.

2. **Same—Oral Promise Preceding Transaction of Sale to Copartner, Whether Within Statute.**

An oral promise or guarantee of payment for goods sold to a co-partner of promisor, which is a part of, or precedes an original transaction of sale, and which induced delivery of the goods, is within the Statute of Frauds.

3. **Same—Oral Promise Collateral to Third Person's Continuing Obligation, Effect—Consideration, When Material.**

An oral promise or guarantee which is collateral to a continuing obligation of a third person, is void under Statute of Frauds, even though made upon sufficient consideration; but the consideration is material only when the promise relied upon, and the transaction in which made, are such as to make promisor the original debtor, and not a guarantor of the subsisting obligation of the third person.

Appeal from Circuit Court, Custer County. Hon. LEVI Mc-
GEE, Judge.

Action by Robert McAdam and W. F. McAdam, copartners
as McAdam Company, against John Vallenthime and Ernest Bel-
lemare, copartners as Bellemare & Vallenthime, and Ernest Belle-
mare, to recover for value of goods sold by plaintiffs to de-
fendants. From a judgment for plaintiffs, and from an order
denying a new trial, defendant Ernest Bellemare appeals. Re-
versed.

*F. W. Sellers,* and *Buell & Denu,* for Appellant.

*Percy H. Helm,* for Respondent.

(1) To point one of the opinion, Appellant cited:  Wood
v. Dodge, 23 S. D. 95; 120 N. W. 774; Clapp v. Webb, 52 Wis.
638; 9 N. W. 796.

SMITH, J.  Plaintiff's firm, who are respondents here, kept
a general store at Custer City. Defendant's firm, composed of
Vallenthime & Bellemare, who is appellant, were engaged in the
seed business at Custer. Merchandise was purchased at respond-
ent's store both by Vallenthime and on joint account of Belle-
mare and Vallethime. The merchandise purchased on joint ac-
count of Bellemare and Vallenthime was delivered to certain
camps in which Vallenthime and Bellemare were jointly inter-
ested; the balance of the goods sued for were delivered to Vallen-
thime for his family use. Respondent sued appellant's firm, seek-
ing to hold the firm responsible for the unpaid portion of Vallen-
thime's share of the goods delivered to the camps and for all the
goods delivered to Vallenthime for his family use. The com-
plaint alleges that the goods sued for were sold and delivered
to the firm of Vallenthime & Bellemare through an agreement
with Bellemare. For the purposes of this appeal we can only
look to the state of the evidence at the close of the trial. The
evidence, all of which was received without objection, so far as
the record discloses, shows that the case was tried upon ques-
tions of fact which depart entirely from the issues made by the
pleadings. At the trial it was conceded that but a small part of
the goods sued for, those sent to the camps, were delivered on
joint account, and that by agreement with plaintiff, Bellemare's
share of the goods were charged to him personally, and that Val-
lenthime's share of such goods were charged to his personal ac-

count. It was conceded that all the other goods sued for were delivered to Vallenthime's family and charged to his personal account. The allegation in the complaint that the goods sued for were delivered to the firm was in effect abandoned.

[1] Plaintiff McAdam testified as follows:

"Vallenthime wanted to buy some goods for his house and camps. I would not sell him any goods until Bellemare guaranteed the account. Mr. Bellemare told me to let him have the goods; that they were partners in the seed business and were shipping seed, and he would pay these accounts," when he got returns from seeds shipped.

Donaldson, McAdam's clerk, testified that Bellemare said he wanted to pay his share as he went along, and that if we wanted to charge the rest to Vallenthime, he would see that it was paid when there was money from the proceeds of the seed business; that this conversation related to the firm account, but that Bellemare said he would pay the family account the same way. Bellemare testified that this conversation had reference only to the joint account for goods delivered to the camps, and denied that he had ever promised to pay for the goods charged to Vallenthime's personal account. So far as this conflict in the evidence is concerned we must assume that it was resolved in plaintiff's favor, and that the fact was as McAdam stated it, namely, that defendant Bellemare promised to pay Vallenthime's personal account out of Vallenthime's share of seeds sold by the firm, but was not to be called upon to pay until returns from seed sales were received. The real question presented is whether this oral promise will sustain a recovery by plaintiffs. This court in several decisions has held such a promise void under the statute of frauds. Wood v. Dodge, 23 S. D. 95, 120 N. W. 774; Sprick Bros. v. Whipple, 33 S. D. 287, 145 N. W. 559; Hepner v. Wheatley, 34 S. D. 338, 148 N. W. 594.

[2, 3] The suggestion of counsel that an oral promise or guaranty of payment for goods which is a part of, or precedes, the original transaction of sale, and which induced delivery of the goods, is not within the statute of frauds is not in accord with these decisions, in some of which an oral promise held void was made prior to the delivery of the goods and was alleged to be the inducement therefor. The test appears to be that an oral

promise or guaranty which is collateral to a continuing obligation
of a third person is void under the statute, even though made
upon a sufficient consideration. But the question of consideration
becomes material only when the promise relied upon and the
transaction in which it is made are such as to make the promisor
the original debtor, and not a guarantor of the subsisting obliga-
tion of a third person. Under the evidence in the record it is
conceded that the goods delivered to Vallenthime's family were
charged to his personal account, and that such indebtedness still
remains. It is therefore impossible to view Bellemare's promise
as other than a promise to pay an indebtedness of Vallenthime
which still exists.

The evidence is wholly insufficient to sustain the verdict,
and the order and judgment of the trial court are therefore re-
versed.