[File No. 6035.]

THE SECURITY BUILDING & LOAN ASSOCIATION, a Corporation, Appellant, v. J. WARREN BACON, Grace McIntyre Bacon, and Rogers Lumber Company, a Corporation. THE ROGERS LUMBER COMPANY, a Corporation, Respondent.

(244 N. W. 644.)

Opinion filed August 2, 1932.   Rehearing denied October 22, 1932.

*B. A. Dickinson,* for appellant.

660

*C. A. Waldron,* for respondent.

NUESSLE, J. The plaintiff is a building and loan association at Minot, North Dakota. The defendant, Bacon, owned some lots at Minot and was desirous of building a house thereon. He arranged with the loan association to borrow money to enable him to do so. Pursuant to this arrangement he executed a mortgage for $3,500 to the plaintiff on October 29, 1929. The defendant, Rogers Lumber Company, is engaged in the business of retailing lumber and building material. Plaintiff's secretary and authorized agent, Kolb, together with Bacon, called on the lumber company and procured from it an estimate as to the cost of the house that Bacon proposed to build. The matter of financing the building operations was talked over among them. The lumber com-

pany estimated that the material for the house which Bacon proposed to build would cost $1,400. Bacon and Kolb had calculated it would cost somewhat less than that. Finally, Kolb, for the plaintiff, orally promised the lumber company that the plaintiff would pay $1,200 more or less for the material. Bacon signed an order on the plaintiff company to this effect. This order was turned over to and retained by the plaintiff but plaintiff never accepted it in writing. Thereupon the lumber company furnished the material. This was delivered to the lots on which the house was being built, and as delivered charges therefor were made on the lumber company's books against Bacon. The house was completed about the 1st of December, 1929. The lumber company rendered a statement to the plaintiff. The amount of the bill was $1,499.85. The plaintiff paid the lumber company $1,000, but advised the latter that the remainder of the proceeds of the loan had been consumed in paying other bills in connection with the transaction on order from Bacon. The plaintiff company then took a second mortgage on the premises from Bacon for $500 and agreed to pay for the remainder of the material from the proceeds to be realized on account of this mortgage. This mortgage was taken and filed for record on February 25, 1930. However, no further payments were made as the fruits of the mortgage were used in paying other debts for Bacon. The lumber company, relying upon the plaintiff's promises to pay for the materials, had taken no steps to obtain a lien therefor. After the plaintiff association had taken and recorded its second mortgage and when it was too late to perfect a lien, the lumber company took a note and mortgage from Bacon for the unpaid balance due it for the material furnished. This mortgage was executed and recorded on March 12, 1930.

Bacon made no payments either to the loan association or to the lumber company. The lumber company foreclosed its mortgage by advertisement and at the sale bid in the property for the full amount of its claim. Thereafter plaintiff began the instant action to foreclose its $3,500 mortgage. It also instituted an action to foreclose the second mortgage. In both these actions the lumber company was joined as a party defendant. The actions were in the regular form. The relief for which plaintiff prayed was judgment of foreclosure and sale and that the plaintiff's mortgages be adjudged to be prior and superior to

any claim of the defendant lumber company. The lumber company answered, admitted the execution and delivery of the plaintiff's mortgages and the defaults thereunder, and set up a counterclaim for affirmative relief setting out the agreement on the part of the loan association to pay the company for the material used in the construction of the house; that it had relied upon such promise to pay and so had not filed any lien claim against the premises; that upon the refusal of the association to pay its claim the lumber company, to further secure itself, took a third mortgage on the premises; and prayed that the plaintiff be held to be estopped to assert the priority of its mortgages and that the lien of the lumber company's mortgage be adjudged prior and superior to the lien of the plaintiff. The loan association replying to this counterclaim denied the agreement to pay for the material, pleaded the taking of the mortgage by the lumber company, its foreclosure and the sale thereunder, and that the premises had been bid in by the lumber company for the full amount of the claim.

The case came to trial before the court without a jury. It was stipulated that the record as made on the trial of the action to foreclose the $3,500 mortgage should stand as the record in and be determinative of the second action involving the $500 mortgage. The trial court found the facts to be substantially as above stated, ordered judgments of foreclosure as prayed in the complaints, but held that the claim of the defendant lumber company was prior and superior to the mortgages of the plaintiff. Judgment was entered accordingly. The plaintiff appeals and asks for a trial de novo. Bacon took no appeal.

On this appeal the plaintiff contends that there was no agreement on its part to pay the lumber company for the material used in the construction of the house; that if there were such an agreement it was not in writing; that, if made, the undertaking on its part was not an original promise to pay but a collateral one to pay the debt of Bacon; that therefore it was invalid as being within the statute of frauds; that, in any event, the debt and obligation of Bacon, and likewise its own obligation to the lumber company, was paid and discharged by reason of the action of the company in foreclosing its mortgage and bidding in the premises at the foreclosure sale for the full amount of the mortgage debt and costs.

The defendant lumber company contended in the court below, and

the trial court found and held, that the plaintiff entered into an original undertaking with the lumber company to pay the amount of the material bill and that therefore the agreement was not within the statute of frauds. After an examination of the record we are agreed that the evidence justifies the trial court's finding and conclusion and we adopt them. Grand Forks Lumber & Coal Co. v. Tourtelot, 7 N. D. 587, 75 N. W. 901. But we are unable to arrive at the ultimate conclusion reached by the trial court that the defendant lumber company is entitled to have its certificate of mortgage sale and the deed predicated thereon adjudged prior and superior to the mortgage liens of the plaintiff.

The agreement of the plaintiff with the lumber company was an original undertaking. In consideration thereof the lumber company furnished the material for the house. Thereby the plaintiff became bound to pay the purchase price thereof. When plaintiff failed and refused to pay the balance due on the claim for material, the company, to further secure itself, took the note and mortgage from Bacon. In fact the debt was Bacon's and when Bacon gave the mortgage he unquestionably gave it as security for the claim for the material. Bacon was responsible to the plaintiff loan association for any payments made by it on the claim, and he would not want to pay it twice. He was no stranger to the transaction. So he must have intended and the lumber company must be held to have taken the note and mortgage as collateral to the plaintiff's obligation. The lumber company was under no obligation to foreclose the mortgage thus acquired. It had the right to rely upon the agreement with plaintiff and could have recovered thereon as against the plaintiff, but when it foreclosed on its collateral security it was required to credit the amount realized by such foreclosure. 49 C. J. 983. It could not exact payment twice for the same debt, once from Bacon and again from the plaintiff. The fact that it bid in the property itself and that the certificate of sale and resulting deed are subject to the prior mortgages of the plaintiff, can make no difference. Had a third party bid in the property at this sale and paid cash therefor, the debt would have been discharged. The fact that the company bid in the property itself changes this result not at all. The sale was an open one. The world was invited and had a right to bid. The company was not required to bid the full amount of its

claim or at all. When it did so the proceeds of the sale were required to be applied in discharge of the mortgage debt, just as though the bid had been made and the money paid by a third party. See Harvison v. Griffin, 32 N. D. 188, 155 N. W. 655; Sletten v. First Nat. Bank, 37 N. D. 47, 163 N. W. 534.

Neither can the defendant lumber company invoke an estoppel as against the plaintiff under the facts in this case. The question here is not merely one touching the priority of the several mortgages. It goes beyond that. When the company took its mortgage it was aware of the plaintiff's prior mortgages. It could have relied wholly upon the plaintiff's agreement to pay, but it did not do so. It had the right to further secure itself by taking Bacon's note secured by a third mortgage. It chose to do so. Of course by merely doing this the company did not forego its right of recourse against plaintiff. It might have litigated its claim against the plaintiff. It might have foreclosed by action and made the plaintiff a party. It did not see fit to do so. Instead it foreclosed by advertisement and bid in the property for the full amount of its claim. It was not induced by any act of the plaintiff to pursue the course with respect to the foreclosure and sale which it did pursue. Had a third party bid the property in and paid the bidding price, the mortgage debt would have been discharged and the purchaser would have taken subject to the plaintiff's mortgages. The only ground of complaint which the company has is that it now develops that the property it bought is not worth as much as it voluntarily paid therefor in the open market. The situation is of its own making. There is nothing on which an estoppel can be predicated.

Accordingly, the judgment of the trial court must be reversed and the cause remanded with directions to enter judgments for the plaintiff as prayed in the complaints.

It is so ordered.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.