## A. B. LAWRENCE *v.* LILLIAN V. ANDERSON.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and
SHERBURNE, JJ.

Opinion filed May 5, 1936.

*M. J. Bertrand* for the plaintiff.

*J. Boone Wilson, Charles F. Black,* and *Willsie E. Brisbin* for the defendant.

POWERS, C. J.   Answering an emergency call from an unknown source, the plaintiff, a licensed physician, administered to John Anderson, who had suffered severe injuries in an automobile accident, somewhere on the "Williston Road" outside of the city of Burlington.   This was on October 1, 1933.   When the plaintiff arrived at the scene of the accident, he found there the defendant, a daughter of the injured man; and when he had introduced himself to her, she directed him, as he testified, to "do everything you can under the sun to see this man is taken care of."   Thereupon, the plaintiff called an ambulance, in which Anderson was taken to a hospital where the plaintiff treated him until the next morning, when he was discharged by the defendant after she had conferred with her father about it.   The patient died from the effects of the injuries a few days later.   The plaintiff made his charges for his services to Mr. Anderson, and sent bills to his estate.   He engaged a Burlington lawyer to proceed against the estate, for the collection of his charges, and some effort in that direction was made, but nothing came of it.   About a year after the accident, the plaintiff began sending bills to Anderson's widow, but nothing came from that.   Finally, about a year and a half after the accident, this suit was brought.   It was returnable to the Chittenden municipal court, and there tried to a jury.   At the close of the plaintiff's evidence, on motion therefor, a verdict was ordered for the defendant.   The plaintiff excepted.

█ █ It is apparent that the facts above stated, standing alone, did not make a case for the jury; and if nothing more

had been shown, the judgment would have to be affirmed. For it fully appears that the defendant's relations with her father were such that she was not liable for the plaintiff's services unless she became so by reason of what she said or did. The rule is fully established that one who merely calls a physician to render services to another is not liable therefor in the absence of an express agreement, unless he is legally bound to furnish such service, or it is a fair inference from the evidence that it was the intention of both parties that he should pay for it. The services here sued for were, not, so far as the above recited facts show, beneficial in a legal sense to the defendant and she would not be liable therefor. *Smith* v. *Watson*, 14 Vt. 332, 337.

But in addition to what has been recited, one Charles Brown, who was at the scene of the accident when the plaintiff arrived there, testified that in his presence the defendant said to the plaintiff, "I want my father taken care of, and give him the best care you can give him, and what the charges are * * * I will pay for it."

■ Ordinarily, this statement might make an entirely different case for the plaintiff. It shows that the defendant not only requested the services, but also that she made a direct promise to pay the plaintiff. Such a promise is not collateral or secondary, but primary and original. It comes within the law as laid down in *Pocket* v. *Almon*, 90 Vt. 10, 96 Atl. 421, and *Enos* v. *Owens Slate Co.*, 104 Vt. 329, 160 Atl. 185. To such a contract the Statute of Frauds does not apply, for the simple reason that it is not a promise to pay the debt of another, but is a promise to pay the debt of the promissor—one that he makes his own by force of his engagement.

But before he can apply this rule to the case in hand, we must consider the effect of the plaintiff's conduct.

■ When the defendant made the promise that Brown testified to, the plaintiff was at liberty to accept it and to rely upon it. But he was not obliged to do so. He could, if he chose, treat Anderson on his own credit. But could not hold both Anderson and the defendant. If he gave the credit to Anderson, he could not hold the defendant, though she had tendered an engagement direct in form. The plaintiff could not turn the defendant's sole obligation into a joint obligation without her concurrence. If he gave any credit to Anderson

he elected to accept the defendant's engagement as collateral to that of Anderson. Of course it is only where the promise sued on is primary and direct that this question we are now discussing arises. 27 C. J. p. 42. But in such cases, the extension of any credit to the third party involved requires a written promise on the part of the promissor. *Blodgett* v. *Lowell,* 33 Vt. 174, 175, 176.

■ ■ As we have seen, it appears here that the plaintiff made his original charges against Anderson. Such a fact is not always conclusive evidence of the person who is to be regarded as the original debtor. It is subject to explanation, to be sure, *Greene* v. *Burton & Sowles,* 59 Vt. 423, 425, 10 Atl. 575, but to rebut the inference arising from the fact that the charges were so made, the proof must be of a strong character. *Hardman* v. *Bradley,* 85 Ill. 162. As we said in *Enos* v. *Owens Co.,* 104 Vt. 329, 335, 160 Atl. 185, the quality of a defendant's promise may usually be found by ascertaining whether the third person continues to be liable after the defendant's oral promise is made. In that case, it did not appear that the original charges for the services rendered by the plaintiff were made against the third person; and the plaintiff explained why he attempted to collect his pay from such person. Here no explanation is made or attempted. No reason is given why these charges were made against Anderson. So it must be taken that it was because the plaintiff considered him responsible therefor. *Lomax* v. *McKinney,* 61 Ind. 374; *Langdon* v. *Richardson,* 58 Ia. 610, 12 N. W. 622. Having given credit to Anderson, the plaintiff cannot collect from the defendant. There being no error in the ruling on the motion for a verdict, there is no occasion to consider the other exceptions argued.

*Judgment affirmed.*