THE AVON-BY-THE-SEA LAND AND IMPROVEMENT
COMPANY, appellant,

*v.*

ANN FINN, respondent.

[Filed September 30th, 1898.]

1. Streets were laid across mortgaged lands, and a map showing the streets and a layout of blocks and lots was duly filed. From time to time lots were sold by the map and released from the mortgage. In a foreclosure of the mortgage, the decree taken by default ordered that so much of the unreleased land as would be sufficient to raise and satisfy the mortgage debt should be sold. At the time set for the sale the landowner asked for a sale in lots as shown on the map, but the sheriff sold in bulk and the mortgagee bought in the property for the amount of the decree. On petition to set aside the sale and affidavits of the opinion of witnesses that the property would bring a larger sum if sold in parcels, the court of chancery ordered a resale in such parcels as the landowner should direct, on terms that security be given that no loss should be sustained by such resale. On appeal from so much of the order as imposed terms—*Held*, that the terms imposed were equitable and would not be disturbed.

2. A mortgagee buying at his own foreclosure sale has the same rights as any other purchaser.

3. In advertising the adjournment of a sheriff's sale, it is not necessary to describe the lands to be sold.

On appeal from an order advised by Vice-Chancellor Emory, who delivered the following opinion:

The situation of the property in this case was such that a sale in parcels would seem to have been the proper method of sale, or at least that this method should have been first adopted, in order to see whether the amount of complainant's decree would have been raised without selling the entire property. That it should have been sold in parcels seems to have been the judgment of the sheriff himself at the time of sale, and he did not put the premises up for sale in parcels by reason of the demands of the complainant that it should be sold in bulk. The complainant bought in the premises in bulk for the amount of the decree, with costs and interest, about $25,000, and increased her own bid for the purpose of reaching this amount. The direct evidence on this application as to the value of the property puts it much higher ($69,000) on the present market value of the lots in the vicinity, and, in the opinion of the witness who fixes its value, the property sold in lots would bring more if sold under what he calls favorable circumstances, i. e., if well advertised, sold on the premises and on different days during the summer season.

While this evidence does not go directly to the real point at issue on these applications, viz., the price which the property would probably bring for cash at a sheriff's sale, yet it is entitled to due weight on the present application, and, taken in connection with the fact that the property is of such a character that a sale in parcels instead of in bulk would probably produce the greater sum, that the sale in bulk has realized the entire decree, and that by her purchase in bulk the complainant has cut off the defendants from any possible chance of the benefit of a sale by lots, I think that a resale should be made in order

to give an opportunity to sell in parcels, but this resale should only be upon proper terms as to securing complainant. The property as now sold, and in bulk, has produced the entire amount of complainant's decree, and while it seems probable that a sale in parcels would produce more than a sale in bulk, and this method should have been first tried, yet the result of a sale in parcels is, from the present standpoint, after all, a matter of opinion or judgment only, and the complainant should not be put to any risk, that on the resale in parcels the property will bring less than her decree, with all costs and interest.

The defendant, therefore, must give satisfactory bond, with surety against such loss by a resale, and on failure to do so the sale will be confirmed. The form of order for resale, with the form and condition of the bond, may be settled on any motion-day on two days' notice.

Order was afterwards settled as follows :

"This matter being opened to the court by Corbin & Corbin, of counsel with the defendant, and it appearing that a rule was heretofore granted directing the defendant to show cause why a resale of the mortgaged premises should not be had, and all proceedings herein stayed until the further order of the court, and after hearing Charles L. Corbin for the defendant, and Walter Bogert, of counsel with the complainant, in opposition thereto;

"It is, on this thirteenth day of April, A. D. 1898, by the chancellor ordered that the sale of the mortgaged premises, made by the sheriff of the county of Monmouth to the complainant, Ann Finn, on the 17th day of January last, shall be set aside and for nothing holden, if the defendant shall, on or before the 9th day of May, 1898, file with the clerk of this court an undertaking or agreement executed under seal by the defendant, and by a sufficient surety or sureties to be approved by William H. Vredenburgh, Esq., one of the special masters of this court, as to form and sufficiency, stipulating and agreeing that upon a resale of the said mortgaged premises, the same shall produce twenty-six thousand five hundred dollars or such less sum as will upon the day of the delivery of the deed yield to the complainant the full amount of her mortgage debt and all costs of this suit, including costs of the sale heretofore made, and that the damages upon such stipulation shall be ascertained in such manner as the chancellor may direct. The surety or sureties shall be worth at least twenty thousand dollars clear estate, and a bond in the penal sum of $20,000, conditioned as above, may be considered in form as a sufficient undertaking. And it is further ordered, that upon the filing of such stipulation, the sheriff

Avon-by-the-Sea Land and Improvement Co. *v.* Finn.

of Monmouth county do proceed to readvertise the mortgaged premises for sale to satisfy the complainant's mortgage debt, with interest and costs of previous advertisement, and in relation to such readvertisement and further proceedings for sale under the writ, the said sheriff is authorized to act on the instructions of the said defendant, so far as the same may seem proper or judicious to him, provided, however, the sale shall be made before the first day of October next, and the defendant must, if required by the sheriff, furnish in advance any funds required for advertising or making sale beyond the sums authorized by law to be expended by the sheriff.

"And it is further ordered, that in making such sale the sheriff sell the said property in parcels, and in such parcels as the defendant may desire, and that either party may apply for further directions.

"And it is further ordered, that in case the defendant shall fail to file the aforesaid stipulation on or before the 9th day of May next, the sale already made by the sheriff of the county of Monmouth shall stand ratified and confirmed as valid and effectual in law, and that the said sheriff shall proceed to execute a good and sufficient conveyance in law to the complainant of said mortgaged premises.

"ALEX. T. McGILL, *C.*

"Respectfully advised,
          "JOHN R. EMERY, *Vice-Chancellor.*"

This appeal is taken from so much of the order as imposes terms, and from the alternative of a confirmation of the sale.

*Mr. Charles L. Corbin,* for the appellant.

*Mr. Walter Bogert,* for the respondent.

The opinion of the court was delivered by

COLLINS, J.

This appeal involves the sequel to the order affirmed on the opinion last read. The appellant, by petition, sought affirmatively to have the sale set aside. The order made seems to us entirely equitable. The uniform practice of courts of equity in this country, when a resale of property is ordered because of supposed sacrifice of value, is to impose terms to, at least, secure against loss the holder of the decree; frequently to guarantee a substantial increase of bid at the new sale. Sound policy re-

quires that bidding at judicial sales should be encouraged. Even under our statute prescribing confirmation of foreclosure sales, and requiring, as a prerequisite to such confirmation, proof to the judicial satisfaction that the "property has been sold at the highest and best price the same would then bring in cash" (*Gen. Stat. p. 111 pl. 45*), this court has held that where there is *prima facie* proof of that purport, as there was in the case in hand, it is proper to exact security for an increased bid before ordering a resale, although counter-evidence on the subject of value may be strong enough to induce the resale. *Rowan* v. *Congdon, 8 Dick. Ch. Rep. 385.* In the case cited the mortgagee had bought in the mortgaged lands for about $10,000. It was proved that a purchaser stood ready to bid $25,000, and was only prevented from attending and purchasing at the sale by a mistake as to time, yet a resale was authorized only on terms that security should be given to bid at least $25,000.

The chief complaint of the appellant is that the sheriff sold in bulk, notwithstanding a request to sell in lots as shown on a map recognized by the parties. A sale in parcels is favored where practicable in foreclosure cases, if thereby the mortgagee's security will not be endangered, but is not a matter of right. In this case it appears that the mortgagee, by releasing in accordance with the landowner's filed map, had approved a dedication of streets and a layout of blocks and lots, but that fact did not bind her to direct the sheriff to sell by the lot or block. The released lots were excepted from the sale by a direct reference to the map, and therefore a sale in bulk with such an exception necessarily preserved the easement of the streets, which is all that could be asked as of legal right. Pending the foreclosure the appellant had struck off at auction some of the lots free from encumbrances, but had as yet given no deeds. Perhaps it would have been convenient to have had those lots sold last, or at least sold separately, and perhaps apart from this feature of the case a sale by lots or blocks would have been advantageous to the landowner and not injurious to the mortgagee; but all this is beside the point. On application to the court, before sale, an inquiry into the proper mode in which to sell

could have been had, and order would have been made accordingly, but that course was not pursued by the appellant. The decree was the normal one to sell so much of the unreleased lands as would be sufficient to raise and satisfy the mortgaged debt. In executing such a decree the mode of sale is largely at the discretion of the selling officer. *Parkhurst* v. *Cory, 3 Stock. 233.* In this case it seems that but for the contrary insistence of the mortgagee's solicitor the sheriff might have sold in parcels. He deposes that he was so inclined; but on the other hand, he made his affidavit, on reporting the sale in conformity with the statute and rules of court, that the property was sold for the highest and best price it would then bring in cash, and the sale should not be disturbed on mere conjecture that a sale in parcels would realize more. That the mortgagee was the purchaser does not affect the situation. Such was the case in *Rowan* v. *Congdon, ubi supra.* The doctrine was long ago established, with the approval of this court, that a mortgagee buying in at his own sale has the same rights that any other purchaser would have. *Currie* v. *Sisson, 7 Stew. Eq. 578,* following *Snyder* v. *Blair, 6 Stew. Eq. 208.* We see no reason why the respondent should now be subjected to the burden of separately valuing the parcels in which the appellant desires the lands to be sold. Her decree has been satisfied by a regular sale. The experiment of a sale by lots ought to be made without risk or annoyance to her. The appeal is partial only. By the order appealed from, the mode of sale has been placed in the appellant's control. To permit that order to stand and annul its condition would be unfair. No such extraordinary relief as has been accepted would have been awarded except on terms. We are unwilling to approve the relief and override the terms.

The petition charged that the sale was not legally advertised. This point does not seem to have been pressed before the vice-chancellor, but is strenuously urged in this court. The objection is to the advertisement of an adjournment for more than one week. The following is the published notice :

Avon-by-the-Sea Land and Improvement Co. *v.* Finn.

### "ADJOURNED SHERIFF'S SALE.

"The Avon-by-the-Sea Land and Improvement Company, at the suit of Ann Finn, stands adjourned to Monday, the 17th day of January, 1898, at the Court-House, at Freehold, in the county of Monmouth, New Jersey, at 2 o'clock P. M.

"Dated January 3d, 1898.                    HOUSTON FIELDS, *Sheriff.*"

The form of this notice is criticised, but the main contention is that the land to be sold should in some way have been described or identified. Such is not the requirement of the law. After prescribing an original advertisement of sale that shall sufficiently describe the lands to be sold and authorizing adjournment of the advertised sale, the statute thus proceeds:

"If any sale of lands, made under the direction of this act, be adjourned for more than one week, such adjournment shall be published in the same newspapers in which the notice of sale was published; * * * provided, that in publishing any adjournments, it shall not be necessary to continue the publication of the original advertisement of sale, but a statement of the parties to the cause and the time and place of such adjournment shall be sufficient." *Gen. Stat. p. 2980 § 6.*

Reading the caption with it, as we must, this notice, although awkwardly phrased, seems to us to be a publication of adjournment, in full compliance with the statute.

The order appealed from will be affirmed.

*For affirmance*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON, VREDENBURGH—13.

*For reversal*—None.