# W. G. HARVISON v. LOUISA B. GRIFFIN and Thomas P. Griffin and J. I. Case Threshing Machine Company, a Foreign Corporation.

(155 N. W. 655.)

**Real estate — mortgages — securities — marshaling of — purchaser — fore-closure.**

1. G. gave three mortgages upon his land. The first covers all of sec. 33, and the southeast quarter and south half of the northwest quarter of sec. 27, all in township 137, range 67, and this mortgage is owned by plaintiff H., who seeks to foreclose the same as to the land in sec. 27, he having released such mortgage as to sec. 33 upon payment by the grantee of the mortgagor, one B. of his *pro rata* share of the indebtedness owed plaintiff. The second ran to N. and was assigned to defendant and appellant, the Case Company, and covers all the land above described. The third covers merely the land in sec. 27, and runs to appellant, the Case Company. The latter mortgage was foreclosed by advertisement in June, 1910, and went to sheriff's deed on June 6, 1911, the appellant company being the purchaser. Such purchase took place prior to the release by the plaintiff of the land in section 33 and after B's purchase from the mortgagor of said section 33. The appellant seeks to compel plaintiff to marshal his securities by restoring to the land not covered by the third mortgage. *Held,* under the facts, that such attempted defense is untenable.

**Equitable rule — marshaling of securities.**

2. The equitable rule as to marshaling of securities as embodied in § 6716 of the Compiled Laws of 1913 (§ 6140, Rev. Codes 1905) is explained and applied in the opinion, and it is held not to sustain appellant's contention.

**Mortgage — foreclosure of — title under — mortgagee — purchaser — rights of — third party — mortgage lien of purchaser — extinguished — debt satisfied.**

3. Appellant purchased and obtained the title through the foreclosure of its mortgage, not as mortgagee, but as purchaser, and thereby obtained only such rights as any third-party purchaser might have obtained, and by such purchase its mortgage lien was extinguished and its debt satisfied.

---

Note.—As to the general rule of marshaling assets and securities, see note in 59 Am. Rep. 389.

As to marshaling assets for benefit of mortgagor, see note in 47 L.R.A.(N.S.) 302.

And for authorities on rule as to inverse order of alienation as affected by assumption of mortgage, see note in 39 L.R.A.(N.S.) 359.

**Foreclosure sale — bids at — by holder of inferior lien — places value on property — subject to first mortgage — position of — same as stranger — grantee — debt and mortgage — assuming — extent of.**

4. By its bid at the foreclosure sale the Case Company voluntarily placed a value upon the equity subject to the first mortgage of the amount of its bid, and it stands in no more favorable position than would any stranger who had purchased at the sale. Such purchaser could not urge that the land in section 33 owned by a prior grantee from the mortgagor should be first applied towards the satisfaction of plaintiff's mortgage, except to the extent that such prior grantee had assumed and agreed to pay such indebtedness.

**Purchaser — at mortgage sale — title acquired — same of mortgagor — at date of mortgage foreclosed — equity — prior liens — subject to.**

5. By its purchase through the foreclosure proceedings culminating in the issuance to it of the sheriff's deed, the Case Company acquired the same title which the mortgagor possessed at the date of the delivery of the mortgage, which was his equity subject to the prior liens.

**Foreclosure sale — value fixed by bids — presumption — prior existing liens.**

6. It is presumed that the Case Company bought the land at the foreclosure sale at its full value, less the amount of prior existing liens thereon.

**Property — lien upon — sale of — extinguished lien — marshaling securities — rule of — right to invoke.**

7. The Code (Comp. Laws 1913, § 6721), expressly provides that "the sale of any property on which there is a lien in satisfaction of the claim secured thereby extinguishes the lien thereon." The instant, therefore, that appellant's lien was thus satisfied, its right to invoke the rule as to marshaling securities ceased.

8. The doctrine that a court of equity will, under certain circumstances, treat a mortgage as still existing after the lien thereof has been extinguished, has, for reasons stated in the opinion, no application under the facts in the case at bar.

Opinion filed November 29, 1915.

Appeal from the District Court of Stutsman County, *Coffey, J.* From a judgment in plaintiff's favor, defendant J. I. Case Threshing Machine Company appeals.

Affirmed.

*Knauf & Knauf* and *Upham, Black, Russell & Richardson,* for appellants.

Where one has a mortgage on several tracts of land, and subsequent thereto the mortgagor mortgages a portion thereof to another party, and the first mortgagee has notice of the interest and mortgage of the

subsequent mortgagee, the law places upon the first mortgagee the duty to so conduct himself with reference to his first mortgage as not to impair the security of the subsequent incumbrancer. Rev. Codes 1905, §§ 4690, 6140, Comp. Laws 1913, §§ 5218, 6716; Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527; 3 Pom. Eq. Jur. 1414; Gotzian v. Shakman, 89 Wis. 52, 46 Am. St. Rep. 820, 61 N. W. 304; Irvine v. Perry, 119 Cal. 352, 51 Pac. 544, 949.

As a purchaser of a portion of the premises covered by the first mortgage, the right of appellants was to have the property sold on foreclosure in satisfaction of such mortgage in the inverse order of its alienation. Merced Security Sav. Bank v. Simon, 141 Cal. 11, 74 Pac. 356; Civil Code, §§ 2899, 3433; Kent v. Williams, 114 Cal. 537, 46 Pac. 462; Woodward v. Brown, 119 Cal. 283, 63 Am. St. Rep. 108, 51 Pac. 2, 542; Mack v. Shafer, 135 Cal. 113, 67 Pac. 40; Re Levin Bros. 139 Cal. 350, 63 Pac. 335, 73 Pac. 159; Orvis v. Powell, 98 U. S. 176, 25 L. ed. 238; National Sav. Bank v. Creswell, 100 U. S. 641, 25 L. ed. 714.

Where a mortgagor of land sells part of it to one, and afterwards the residue to another, the mortgage rests upon the last conveyed. Chase v. Barnard, 64 N. H. 615, 17 Atl. 410; Merchants' State Bank v. Tufts, 14 N. D. 238, 116 Am. St. Rep. 682, 103 N. W. 760; Howser v. Cruikshank, 122 Ala. 256, 82 Am. St. Rep. 76, 25 So. 206.

At the time Baylies obtained the deed to the land, and for a long time prior thereto, appellant company had the right to insist that the lands in section 33 be first sold under the mortgage. Under the sheriff's deed the purchaser acquired all the rights which were held by the mortgage. That being a right held by the mortgage, it is still a right in the company, under its deed. 3 Pom. Eq. Jur. 1225, and note; Northwestern Land Asso. v. Harris, 114 Ala. 468, 21 So. 999; 2 Jones, Mortg. 5th ed. 1620; 2 White & T. Lead. Cas. in Eq. 297; Whittaker v. Belvidere Roller Mill Co. 55 N. J. Eq. 674, 38 Atl. 295; Irvine v. Perry, 119 Cal. 352, 51 Pac. 544, 949.

*Geo. W. Thorp* and *Russell D. Chase,* for respondent.

The mortgagee, after becoming the purchaser for the full amount of the indebtedness, cannot claim any rights by virtue of the mortgage, after having extinguished the same and putting himself in the same

position as any other purchaser. Ledyard v. Phillips, 47 Mich. 305, 11 N. W. 170.

The purchaser at a foreclosure sale takes the same title that the mortgagor had at the time of the execution and delivery of the mortgage foreclosed, and subject to the liens. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 517, 138 Am. St. Rep. 717, 117 N. W. 453; 27 Cyc. 1492; Rev. Codes 1905, § 7467, Comp. Laws 1913, § 8087; Grove v. Great Northern Loan Co. 17 N. D. 352, 138 Am. St. Rep. 707, 116 N. W. 345.

Such purchaser is only concerned with the state of the title at the date of execution and delivery of such mortgage. Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; Kuhnert v. Conrad, 6 N. D. 215, 69 N. W. 185; Belleville Sav. Bank v. Reis, 136 Ill. 242, 26 N. E. 646; 27 Cyc. 1383, 1488.

"A mortgage is a lien upon everything that would pass by a grant of the property, and upon nothing more." Rev. Codes 1905, § 6162, Comp. Laws 1913, § 6738.

"The sale of any property on which there is a lien in satisfaction of the claim secured thereby extinguishes the lien thereon." Rev. Codes 1905, chap. 74, § 6145, Comp. Laws 1913, § 6721.

"The sale is made and completed, and the title passes on the execution and delivery of the sheriff's deed in foreclosure proceedings. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A.(N.S.) 517, 138 Am. St. Rep. 717, 117 N. W. 453.

"Where property is sold subject to a prior lien such property stands charged with its satisfaction." Lyons v. Godfrey, 55 Neb. 755, 76 N. W. 464.

If the mortgagor pays off the mortgage, or if the parcel remaining in his hands is sold in full satisfaction of it, he cannot call upon his grantees for any reimbursement. Equality of equities destroys all right and liability of rateable contribution. 3 Pom. Eq. Jur. 3d ed. § 1224; 2 Jones, Mortg. §§ 1091, 1092, 1620, 1621.

The rule is that if one party has a mortgage or lien upon two pieces of property, and another party has a mortgage or lien upon one of such pieces of property only, the latter has a right in equity to compel the former to resort first to the property upon which he has an exclusive lien, for its satisfaction, if that course is necessary, for the satisfaction

of the claims of both parties, whenever such course will not trench upon the rights or operate to the prejudice of the first party. 1 Story, Eq. Jur. § 633.

But, in such case, the party complaining must show damages. Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 537.

Where a creditor who has his debt secured by two funds has received full satisfaction out of either, equity will not interfere. Before assets or securities can be marshaled, the necessity for so doing must appear. Franklin v. Warden, 9 Minn. 124, Gil. 114; Hull v. Carnley, 17 N. Y. 202; State v. Weston, 17 Wis. 108; Manning v. Monaghan, 23 N. Y. 539; Duester v. McCamus, 14 Wis. 308; Quinnipiac Brewing Co. v. Fitzgibbons, 73 Conn. 191, 47 Atl. 130; 4 Pom. Eq. Jur. 3d ed. § 1414.

"The rule of marshaling does not prevail except where both funds are in the hands of the common debtor of both creditors." 26 Cyc. 932; Carter v. Neal, 24 Ga. 346, 71 Am. Dec. 136; Citizens' State Bank v. Iddings, 60 Neb. 709, 84 N. W. 78; Lee v. Gregory, 12 Neb. 282, 11 N. W. 297.

And such rule applies only as between different creditors. 26 Cyc. 936.

When a mortgagee takes possession under a mortgage, and sells the property, the amount realized at the sale is conclusive on all parties as to the value of the property, and the amount to be applied on the indebtedness. First Nat. Bank v. Northwestern Elevator Co. 4 S. D. 409, 57 N. W. 77.

The rights of others, and of the prior lienholder, cannot be prejudiced by the marshaling of securities. 27 Cyc. 1366.

Every conveyance by deed, mortgage, or otherwise of real estate, etc., shall be void as against any subsequent purchaser in good faith, or as against any attachment, . . . or judgment.

The notice referred to as having been given, and of which respondent knew, as appellant claims, is not authorized by statute, and the recording of the same did not constitute constructive notice to anyone. Sarles v. McGee, 1 N. D. 365, 26 Am. St. Rep. 633, 48 N. W. 231; 2 Devlin, Real Estate, 3d ed. §§ 711, 715; Wade, Notice, § 119, and cases cited.

The party seeking the marshaling of securities must make a demand for such relief, and that the same be done under the statute. The mere

recording of a notice is not sufficient. Rev. Codes 1905, § 6140, Comp. Laws 1913, § 6716; 26 Cyc. 935.

Notice to an agent to bind the principal must be notice with reference to some duty within the agent's authority; it must be given to the agent for the benefit of the principal during the existence of the agency. 31 Cyc. 1587, ¶ 4.

A conspiracy cannot result from an agreement between two parties to perform a legal act. 8 Cyc. 645–647.

The burden of proof is on the party alleging fraud. Abbott, Proof of Facts, p. 496; 20 Cyc. 120.

The right of appellant here is the same as that of a stranger or outside party. 2 Jones, Mortg. § 1622; Kellogg v. Rand, 11 Paige, 59.

Fisk, Ch. J. This litigation arose in the district court of Stutsman county and comes here for trial *de novo*. The question for decision is whether defendant, J. I. Case Threshing Machine Company, possesses the right which it attempts to assert of compelling plaintiff to marshal the securities covered by his mortgage. None of the material facts are in dispute. Briefly stated, they are as follows: On December 26, 1906, defendants Louisa B. and Thomas P. Griffin being the owners of all of section 33, and the S.E.$\frac{1}{4}$ and S.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ of section 27, township 137, range 67, mortgaged the same to one J. J. Nierling to secure the payment of $5,000 and interest. Nierling assigned such mortgage on March 11, 1907, to Amus H. Lamp, who on October 14, 1911, assigned same to the plaintiff, who seeks by this action to foreclose the same. On March 12, 1907, the Griffins mortgaged all of such lands to J. J. Nierling to secure the payment of $900, and on October 3, 1910, Nierling assigned the same to the Case Company. On September 10, 1907, the Griffins mortgaged to the Case Company the S.E.$\frac{1}{4}$ and the S.$\frac{1}{2}$ of N.W.$\frac{1}{4}$ aforesaid to secure the payment of $2,895. After executing the three mortgages aforesaid, the Griffins on March 11, 1910, conveyed to F. A. Baylies by warranty deed, all of section 33, such grantee assuming and agreeing to pay a certain proportion of the encumbrances against said section 33. Such agreement is contained in the deed, and is as follows: "Subject to encumbrances amounting to five thousand five hundred fifty-eight and no-100 ($5,558) dollars, which said F. A. Baylies assumes and agrees to pay with all interest from the 25th day

32 N. D.—13.

of February, 1910. Said encumbrances consist of mechanics' liens, amounting to seven hundred fifty and no/100 ($750) dollars; taxes, one hundred seven and 64/100 ($107.64) dollars; accrued and delinquent interest, four hundred seventy-six and 36/100 ($476.36) dollars; first and second mortgages, four thousand two hundred twenty-four and no/100 ($4,224) dollars, being the *pro rata* of first mortgage of five thousand and no/100 ($5,000) dollars, given to J. J. Nierling December 26, 1906, and *pro rata* of second mortgage of nine hundred and no/100 ($900) dollars, given to J. J. Nierling March 12, 1907, both mortgages covering 880 acres, being all of section 33 and the S.E.¼ of section 27, and the S.½ of the N.W.¼ of section 27, all in township 137, range 67, Stutsman county, North Dakota, the payment of said encumbrances to apply to the satisfaction of said liens on section 33."

Thereafter and in June, 1911, F. A. Baylies conveyed said section 33 to the present owner, Jennie B. Baylies. The third mortgage running to the Case Company was foreclosed by it, the sale being made on June 4, 1910, at which sale said company became the purchaser, and no redemption having been made, it acquired title on June 6, 1911, by sheriff's deed to the land covered by its mortgage. Subsequent to its foreclosure of the third mortgage aforesaid, the Case Company, as assignee of the second mortgage, caused foreclosure thereof, and at the sale F. A. Baylies became the purchaser of the S.E.¼ and S.½ of N.W.¼ of section 27 for $375, and all of section 33 was bid in by the Case Company for $854.98. Thereafter and on June 6, 1911, the Case Company as owner of S.E.¼ and S.½ of N.W.¼ redeemed such land from Baylies and on March 18, 1911, Baylies as owner of section 33 redeemed the same from the Case Company.

Thereafter and on November 2, 1911, plaintiff, Harvison, in consideration of a *pro rata* payment in proportion to the relative acreage, satisfied his first mortgage as to section 33, and seeks by this action to foreclose on the land of the Case Company for the balance due him. The Case Company urges that it was the duty of plaintiff and his assignor to resort first to section 33 for payment of his mortgage, and that by releasing his security as to that section he has lost his right to the extent of the value of section 33 to look to its said lands for any balance which may be unpaid on such mortgage. In other words, it urges the equitable rule of marshaling securities as embodied in our Code at § 6716, Com-

piled Laws of 1913. This section reads: "When one has a lien upon several things and other persons have subordinate liens upon, or interests in, some but not all of the same things, the person having the prior lien, if he can do so without risk of loss to himself or of injustice to other persons, must resort to the property in the following order, on the demand of any party interested:

1. To the things upon which he has an exclusive lien.

2. To the things which are subject to the fewest subordinate liens.

3. In like manner inversely to the number of subordinate liens upon the same thing; and,

4. When several things are within one of the foregoing classes, and subject to the same number of liens, resort must be had:

(a) To things which have not been transferred since the prior lien was created.

(b) To the things which have been so transferred without a valuable consideration; and,

(c) To the things which have been so transferred for a valuable consideration in the inverse order of the transfers."

This statute is merely declaratory of the general equity rule, which rule was quite elaborately stated and applied by this court in Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527. Counsel do not differ as to such rule, but merely as to the proper application thereof. Respondent's counsel state that they have no quarrel with any of the numerous authorities cited and relied on by appellant's counsel; but they insist that such rule has no application to the facts in the case at bar. In other words, they in effect concede, as we understand their brief, that if the Case Company, instead of acquiring title to the S.E.¼ and the S.½ of the N.W.¼ through the foreclosure sales, had remained merely as owner of the mortgage liens thereon, the rule of the statute would have applied in full force, and the contention of appellant's counsel would have been unanswerable. They point with much emphasis to the fact that the Case Company by foreclosing its mortgages and securing title had wiped out its liens and had fully satisfied its claims, and that it stands in the same relation to the land as would a stranger to the mortgages who had purchased at the foreclosure sales and secured sheriff's deeds, and that it is conclusively presumed that its bid at such foreclosure sale was made with knowledge of the first mortgage and subject

thereto. In other words, by its voluntary bid, it placed a value upon the equity subject to the first mortgage of the amount of such bid. We think there can be no doubt as to the correctness of the proposition that the Case Company stands in no more favorable position than would a stranger who had purchased at the sale (27 Cyc. 1721 b, and cases cited), and we deem it entirely clear that such a stranger would not be heard to urge such a defense as is here urged. As is well stated by respondent's counsel: "If a third party had purchased the S.E.¼ and S.½ of the N.W.¼ of 27 under the company's mortgage foreclosures, at the same prices that were bid under these foreclosures, the purchase price would have been applied to the extinguishment of the Case Company's indebtedness and the discharge of the lien, and Case Company could have found no fault because they would have received the entire amount of their debt against the Griffins, but the fact that the statute gives them the right to purchase at their own sale and under their own foreclosure and power does not give them any greater right than any other purchaser at the sale. Whatever amount they bid is credited on the indebtedness, and, if sufficient to pay the indebtedness, operates to wholly extinguish the same and to release and satisfy the mortgage, and they then become, when a deed is issued, the owner of the premises, subject to prior encumbrances, the same as any other purchaser. If the mortgagee purchaser at such a sale had any rights more valuable as a purchaser than a third-party purchaser, it would necessarily result in unfair competition at the public sale. The mortgagee after becoming the purchaser, for the full amount of the indebtedness, certainly cannot claim any rights by virtue of the mortgage, after having extinguished the same and putting himself in the same position as any other purchaser. Avon-by-the-Sea Land & Improv. Co. v. Finn, 56 N. J. Eq. 808, 41 Atl. 360; Ledyard v. Phillips, 47 Mich. 305, 11 N. W. 170." Had the Case Company desired to invoke the equity rule as against the owner of the first mortgage and the fee owner of section 33, it might have done so by foreclosing by action, making the holder of such prior mortgage and also the owner of section 33 parties. It, however, chose to foreclose by advertisement, and thereby ultimately acquired absolute ownership of the land subject to plaintiff's mortgage through its voluntary bid at the sale, without urging that the securities be marshaled under such statutory rule. By its purchase at the foreclosure sale, the

Case Company acquired the same title which the mortgagors possessed at the time the mortgage was executed and delivered which was a title encumbered by the prior liens. In other words, it acquired through the sheriff's deed the same rights, and none other, that the mortgagors possessed at the date of the mortgage, or which were subsequently acquired by them, which was the equity subject to the prior liens. North Dakota Horse & Cattle Co. v. Serumgard, 17 N. D. 466, 29 L.R.A. (N.S.) 517, 138 Am. St. Rep. 717, 117 N. W. 453; Nichols v. Tingstad, 10 N. D. 172, 86 N. W. 694; 27 Cyc. 1488, 1491; Comp. Laws 1913, § 8087.

The Case Company is presumed to have bought the land at its full value, less the amount of indebtedness secured thereon by prior liens, and its mortgage was thereby paid and extinguished. Belleville Sav. Bank v. Reis, 136 Ill. 242, 26 N. E. 646; 27 Cyc. 1383.

"The sale of any property on which there is a lien in satisfaction of the claim secured thereby extinguishes the lien thereon," Comp. Laws 1913, § 6721. Its liens having been extinguished, it leaves plaintiff's mortgage as the only existing lien from and after the date of the sheriff's deed. How, therefore, can the Case Company successfully urge the application of the rule as to marshaling securities? Its demand for the marshaling of securities was not served upon the plaintiff's assignor until after it had acquired title subject to such mortgage. It was at such time in no more favorable position to require of plaintiff or his, assignor such marshaling of securities than was the mortgagor, who was the owner previous thereto. On the other hand, Baylies, the grantee of section 33, having purchased prior to the date of appellant's purchase, might with propriety assert that section 33 should not be looked to for more, at least, than its *pro rata* share of the indebtedness secured by the plaintiff's mortgage. 3 Pom. Eq. Jur. 3d ed. § 1224; 2 Jones, Mortg. §§ 1091, 1092, 1620, 1621. The record discloses that Baylies assumed and has paid the *pro rata* share of the first and second mortgages, and plaintiff by this action seeks to subject the land in section 27 which appellant owns, to its *pro rata* share. We see no valid reason why he cannot legally do so. The instant that appellant's liens were satisfied, its right to invoke the rule as to marshaling securities ceased. It was no longer necessary for its protection that it should invoke such rule. The object sought to be accomplished

thereby no longer existed. In support of these conclusions are the following: 1 Story, Eq. Jur. § 633; Union Nat. Bank v. Moline, M. & S. Co. 7 N. D. 201, 73 N. W. 527; Franklin v. Warden, 9 Minn. 124, Gil. 114; Hull v. Carnley, 17 N. Y. 202; State v. Weston, 17 Wis. 108; Manning v. Monaghan, 23 N. Y. 539.

It should be borne in mind that the appellant acquired title through the foreclosure sale, not as mortgagee, but as purchaser, and consequently, as before stated, its rights are no greater than those of a stranger, had such a third party purchased the premises.

Appellant suggests that a court of equity may treat a mortgage as still alive where the interests of the mortgagee require this to be done. This is, no doubt, abstractly correct, but this equitable doctrine is invoked only where the equities demand that it be done. Having purchased the premises, not as a mortgagee, but as any other purchaser, a mere stranger to the mortgage, might have done, we see no tenable ground for invoking such doctrine. Furthermore, we fail to see wherein appellant's equities preponderate over those of respondent. We have carefully considered § 6716 of the Compiled Laws of 1913 (§ 6140, Rev. Codes 1905), as herein quoted at length, as well as the many authorities cited by appellant's counsel, and we are unable to perceive how they support appellant's contention. Upon a careful reading of such cases, they all may, we think, be readily distinguished and differentiated from the facts in the case at bar. Appellant places much reliance upon the case of Whittaker v. Belvidere Roller Mill Co. 55 N. J. Eq. 674, 38 Atl. 289. At first blush, the 6th paragraph of the syllabus would seem to support appellant's contention. It reads: "The purchaser at a foreclosure sale under a second mortgage receives the title which the mortgagor had at the time of the delivery of that mortgage, and, attendant upon that title, he takes the right which the second mortgagee received to have the assets marshaled, and he may assert this equity against the subsequent voluntary and fraudulent grantee of the mortgagor."

The facts of that case are somewhat complicated and too numerous to justify a restatement in this opinion. What was really held, however, in so far as such holding is pertinent to the case at bar, was that the title acquired by one Miller, who purchased at a foreclosure sale under a second mortgage which covered only a portion of the lands covered

by the first mortgage, related back to the title which passed by such second mortgage, and conveyed to him the estate which such mortgagor possessed in the mortgaged premises on the date of the delivery of that mortgage, with all its attendant equities. And, "attendant upon that title," he obtained the right which the second mortgagee received to have the assets marshaled as against the mortgagor and his fraudulent grantees. In other words, having purchased the estate covered by the second mortgage which the mortgagor possessed at the date of the delivery of such mortage, and there being no prior valid conveyances of the lands covered only by the first mortgage or other accrued equities intervening, Miller was entitled as against the mortgagor, Adam B. Searles, and his fraudulent grantee, Roderick B. Searles, to have the lands not owned by him first sold and the proceeds applied towards the satisfaction of the first mortgage. The controversy merely involved the respective rights of Miller and of Adam B. Searles, the mortgagor and his said fraudulent grantee. The first mortgagee did not resist Miller's claim to have the securities marshaled, nor, for that matter, could he successfully do so under the facts, for Miller was the only valid purchaser of any portion of the mortgaged premises, except the Roller Mills Company, which company purchased the lot covered by the second mortgage and by the deed assumed and agreed to pay both mortgages.

It is quite apparent that the holding would have been otherwise had there been, as in the case at bar, a transfer of the portion of the lands covered by the first, and not by the second, mortgage, to a good-faith purchaser for value prior to Miller's purchase under the foreclosure of the second mortgage. The New Jersey court, in so far as the point here involved is concerned, merely recognized and enforced the general rule which requires a resort, first, to the mortgaged property which has not been transferred. In other words, it ordered that the security be marshaled in the inverse order of its alienation subsequent to the delivery of the first mortgage, and it recognized Miller as a purchaser from the mortgagor of the lot embraced in the second mortgage, and as such purchaser entitled to invoke the rule in his behalf, there having been no valid transfer of the other security. As we read it, the case does not support appellant's contention.

It follows from what we have above stated, that the judgment appealed from was correct and it is accordingly affirmed.