LOUISE C. BUNKER, Appellant, v. DAVENPORT & TIPTON TELE-
PHONE COMPANY, Appellee.

EASEMENTS: Creation After Execution of Mortgage—Effect. A telephone company which, under a contract with the owner of premises, erects its poles thereon after the execution of a mortgage on the premises, may continue such erections against the title holder under a subsequent foreclosure to which the company was not made a party.

*Appeal from Cedar District Court.*—F. L. ANDERSON, Judge.

APRIL 1, 1924.

ACTION of right in which plaintiff seeks to recover possession of the portion of a city lot occupied and held by defendant telephone company for the maintenance of a large telephone pole, anchor, and cables, and for damages. Plaintiff claims to own the entire lot. At the close of all the evidence, plaintiff's motion for a directed verdict was overruled. A like motion was filed by defendant, and sustained. Plaintiff appeals.—*Affirmed.*

*F. J. Casterline & Son* and *C. J. Lynch,* for appellant.

*J. C. France,* for appellee.

PRESTON, J.—1. The petition was filed October 21, 1921. There is no conflict in the evidence except at one point, which will be referred to later. Appellee contends that there was no conflict at any point. We think there is a conflict as to whether there was a completed agreement between the defendant and the then owner of the lot prior to September 3, 1913, or whether such agreement was after that date. But in our view, this is not controlling. We shall not set out the evidence as to that. On said September 3d, the then owner of the property, Mrs. Rowell, gave a mortgage thereon, which was afterwards foreclosed, and a sheriff's deed made to the mortgagee. On July 9, 1919, the grantee in the sheriff's deed conveyed the lot to plaintiff by warranty deed, which contained the following recital:

"Subject, however, to whatever rights, *if any,* the telephone company operating in Tipton, Iowa, known as the Davenport & Tipton Telephone Co., has, to maintain the anchor now located on said premises."

This defendant was not a party to the foreclosure. Plaintiff had been in possession of the property for some years as tenant.

Without detailed discussion, we·think appellee's contention that plaintiff had sufficient notice to put her upon inquiry as to defendant's rights, whatever they were, must be sustained. The question is, What were defendant's rights, as against this plain-

tiff? There is no question but that defendant did occupy a part of the lot from some time in 1913. The pole is sixteen to eighteen inches in diameter, with anchor and guy wires from the pole to the anchor embedded on plaintiff's lot. There is no question as to the Statute of Limitations; it is not pleaded, nor had the time elapsed when this action was brought.

Appellee contends that it made the agreement with the then owner in July or August, 1913; while appellant contends that it was October, 1913, or later, and after September 3d. Under the evidence, the contract was not completed and money paid until after September 3d. It is shown that there was an agreement before September 3d, and that, relying thereon, defendant filled the lot, as agreed, and placed the pole, anchor, and guy wires, and that Mrs. Rowell directed where they should be placed. Appellee also contends that its right to maintain the pole at said location was reserved by plaintiff's grantors in the sheriff's deed before referred to.

Appellee, in at least a part of the argument, as well as appellant, seems to treat the question whether the agreement between defendant and Mrs. Rowell was before or after September 3d, as the turning point in the case. This might be so, if the defendant had been made a party to the foreclosure proceedings. We understand appellant to concede in argument that, if the agreement was before September 3d, defendant has the superior right. But she contends that the jury could have found, from the conflicting evidence on that point, that the agreement was after the mortgage, and that, this being so, the purchaser at a foreclosure sale receives the title which the mortgagor had at the time of the delivery of the mortgage; that the mortgagor, after the execution of the mortgage, cannot burden the property with any incumbrance, easement, or irrevocable license that will affect the rights of the mortgagee; and that the purchaser at foreclosure sale, upon receiving deed, takes the title of the mortgagor as of the date of the mortgage, and free from any subsequently created liens or burdens thereon. *Jensen v. Showalter*, 79 Neb. 544 (113 N. W. 202, 204). The case has a bearing, but in that case, the Statute of Limitations was involved. See, also, *Harvison v. Griffin*, 32 N. D. 188 (155 N. W. 655, 657). It is there said that, by its purchase at the fore-

closure sale, the Case Company acquired the same title which the mortgagors possessed at the time the mortgage was executed and delivered, which was a title incumbered by the prior lien. In other words, it acquired, through the sheriff's deed, the same rights, and no other, that the mortgagors possessed at the date of the mortgage, or which were subsequently acquired by them, which was the equity subject to the prior liens. See, also, 27 Cyc. 1488, 1491, 1723; 19 Ruling Case Law 625. It may be true that the mortgagor could not, after the execution and delivery of the mortgage, again incumber it by liens or easements, to the prejudice of the mortgagee. But Mrs. Rowell, the then owner of the lot, had a right to make the contract with defendant even though she had previously given a mortgage upon the property. As said, the contract would be junior to the mortgage; but that would not affect its validity in any other way. The mortgagee could establish his priority under the contract by a foreclosure. Since the defendant was not made a party to the foreclosure, it was not affected by the foreclosure, and its rights continue as they were before. If the telephone company had been made a party defendant to the foreclosure, it would have had a right to litigate the question of priority. The substantial right involved in this case is the right of easement and of possession under the easement. But it is not now seeking an affirmative remedy. It is on the defensive, and is simply maintaining the exercise of its easement and the possession thereof which it has had continuously since it acquired the same.

2. Perhaps it should be said that appellee contends that the evidence shows without dispute that the pole and anchor in question were in place on the premises prior to the execution of the mortgage, and that the oral agreement by Mrs. Rowell gave to defendant the right to maintain the pole and anchor, and acceptance by the defendant of the proposition and the location of the pole is a sufficient basis for the defendant's right to maintain the same. The cases cited in support of this proposition are *Goulding v. Shonquist*, 159 Iowa 647; *Hamilton v. Wright*, 30 Iowa 480. But in these cases, the question of the Statute of Limitations was involved, and whether an oral agreement carried out shows a sufficient basis for the Statute of Limitations. But we have seen that this is not the question here.

3.  It is further contended by appellee that no damages were shown.  But one witness testified on the subject, and, when asked as to his knowledge as to rental values, he did not answer the question.  It is doubtful whether there was a sufficient foundation laid.  That was only one of the questions involved.

In view of our holding in Paragraph 1 of the opinion, it would seem to be unnecessary to discuss this question.  The judgment is—*Affirmed.*

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.